******************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

# COMMISSIONER OF PUBLIC HEALTH
## *v.* ANTHONY P. COLANDREA
## (AC 38906)

DiPentima, C. J., and Alvord and Lavery, Js.

*Syllabus*

The defendant, a dentist licensed by the Department of Public Health, appealed to this court from the judgment of the trial court granting the petition filed by the plaintiff, the Commissioner of Public Health, to enforce a subpoena duces tecum seeking the production of certain patient records from the defendant. V Co., which had contracted with a health insurer to audit various health care providers, made numerous attempts to obtain patient records from the defendant, who refused to comply. Thereafter, V Co. filed a complaint that was referred to the department, which opened an investigation into allegations of fraudulent billing practices by the defendant. As part of its investigation, the department, pursuant to its statutory (§ 19a-14 [a] [10]) authority, issued a subpoena duces tecum directing the defendant to produce complete copies of all records for thirty-one patients, and, after the defendant failed to comply, the plaintiff sought to enforce the subpoena. At a hearing before the trial court, the defendant argued that the statute (§ 52-146o) prohibiting licensed health care providers from disclosing patient communications and information without the patient's consent precluded him from disclosing the subpoenaed records in the absence of such consent. The defendant also argued that the plaintiff failed to meet the requirements of § 52-146o (b) (3), which allows disclosure to the department of patient communications or information in connection with an investigation or a complaint, if such communications or information relate to the complaint or investigation. On appeal from the trial court's judgment, the defendant claimed that the plaintiff failed to make a sufficient factual showing that the subpoenaed records were related to the complaint or investigation. *Held* that the trial court properly granted the petition to enforce the subpoena duces tecum, the plaintiff having proven that the subpoenaed records met the requirements of § 52-146o (b) (3); the facts of the present case established a clear connection between the complaint under investigation and the subpoenaed records, as there was testimony that the defendant was under investigation by the department for fraudulent billing practices, which was prompted by the complaint filed by V Co., the subpoena was issued in connection with that complaint and investigation pursuant to § 19a-14 (a) (10), the department subpoenaed only the defendant's patient records that related to that investigation, and the defendant's counsel declined the opportunity to challenge that evidence through cross-examination of a witness who testified at the hearing on behalf of the department.

Argued May 24—officially released August 1, 2017

*Procedural History*

Petition for an order to enforce a subpoena duces tecum, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Robaina, J.*; judgment granting the petition, from which the defendant appealed to this court. *Affirmed.*

*Matthew D. Paradisi*, with whom, on the brief, was *Michael J. Reilly*, for the appellant (defendant).

*Susan Castonguay*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Anthony P. Colandrea, appeals from the judgment of the trial court granting the petition to enforce a subpoena duces tecum filed by the plaintiff, the Commissioner of Public Health,[1] requesting the production of certain patient records from the defendant. The defendant claims that the plaintiff failed to make a sufficient factual showing that the subpoenaed records were related to a complaint under investigation, as required by General Statutes § 52-146o.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's claim. The defendant is a dentist licensed by the Department of Public Health (department). On August 27, 2014, the department opened an investigation into allegations of fraudulent billing practices by the defendant. The investigation was prompted by a referral from Verisk Health Management (Verisk), a company that contracted with United Healthcare, a health insurer, to audit various health care providers. After a review of the defendant's billing to United Healthcare, Verisk made numerous attempts to obtain patient records from the defendant. The defendant refused to comply with Verisk's requests for records, and Verisk filed a complaint with the Office of the Attorney General. The Office of the Attorney General referred the complaint to the department, which commenced the investigation at issue.

As part of its investigation, on November 16, 2015, the department, pursuant to its authority under General Statutes § 19a-14 (a) (10),[3] issued a subpoena duces tecum to the defendant, instructing him to produce "[c]omplete copies of all records (including but not limited to all progress notes, x-rays, images, and billing records)" for thirty-one patients. The defendant failed to comply with the department's subpoena. On December 10, 2015, the plaintiff, pursuant to § 19a-14 (a) (10),[4] filed a petition for enforcement of the subpoena and an application for an order to show cause. The defendant filed an objection to the petition for enforcement.

The court held a hearing on January 25, 2016. At the hearing, the defendant argued that § 52-146o,[5] the physician-patient privilege statute, prohibited him from disclosing the subpoenaed records absent patient consent. The defendant acknowledged that, pursuant to § 52-146o (b) (3),[6] the department may subpoena records without patient consent, but maintained that the plaintiff failed to meet the requirements for this statutory exception because the subpoena contained "no indication as to how [the subpoenaed records] relate to the complaint or investigation." The defendant claimed that, at that time, he did not "even know what the investigation is against him."

In response to the defendant's objection, the plaintiff

presented the testimony of Kathleen W. Boulware, a public health services manager in the department's practitioner investigation unit. Boulware testified, in relevant part, that (1) Verisk was hired by United Healthcare to audit its records to determine if there was any fraudulent activity occurring; (2) Verisk had attempted to obtain records directly from the defendant as part of its investigation; (3) after multiple failed attempts to obtain records directly from the defendant, Verisk sent a complaint to the Office of the Attorney General; (4) Verisk provided a list of selected defendant's patients with the complaint; (5) the department began investigating the defendant when it received the complaint from the Office of the Attorney General; (6) the department first attempted to request the records from the defendant by letter, which was standard practice; (7) after failing to obtain the records by letter, the department issued a subpoena for approximately 50 percent of the records identified by Verisk; and (8) it is standard practice for the department to issue subpoenas to dental professionals to review patient records for possible fraudulent activity. The defendant's counsel was given the opportunity to cross-examine Boulware but declined to do so.

The trial court, relying on *Edelstein* v. *Dept. of Public Health & Addiction Services*, 240 Conn. 658, 692 A.2d 803 (1997), overruled the defendant's objection and granted the plaintiff's petition for enforcement. In its order overruling the defendant's objection, the court concluded that "[t]he evidence submitted by the department supports the request for the records which are the subject of the subpoena." The defendant filed a motion to reargue and for reconsideration, which the court denied. This appeal followed.

The defendant claims that the plaintiff failed to make a sufficient factual showing that the subpoenaed records were related to a complaint under investigation, as required by § 52-146o. Specifically, he argues that "[t]he [plaintiff] did not demonstrate and the trial court did not find that the records sought by [the department] in this case are reasonably related to a complaint as required by . . . § 52-146o (b) (3)." He contends that the plaintiff was required to make a showing as to the nature of his investigation by presenting evidence as to what "the suspected 'fraudulent activity' actually was" and "how the records [he] was seeking would shed any light on the unspecified 'fraudulent activity.' " We disagree.

We begin by setting forth the standard of review and legal principles that guide our analysis. Where a party asserts that the facts found were insufficient to support the trial court's legal conclusion, the issue presents a mixed question of law and fact to which we apply plenary review. *Centrix Management Co., LLC* v. *Valencia*, 132 Conn. App. 582, 586, 33 A.3d 802 (2011). Under

the plenary standard of review, we must decide whether the court's conclusions are legally and logically correct and supported by the facts in the record. Id., 586–87; *Winchester* v. *McCue*, 91 Conn. App. 721, 726, 882 A.2d 143, cert. denied, 276 Conn. 922, 888 A.2d 91 (2005).

Section 52-146o (a) prohibits physicians from disclosing patient records without patient consent. Subsection (b) provides four exceptions to that rule. As relevant here, the statute does not require consent for the release of medical records "to the Commissioner of Public Health for records of a patient of a physician, surgeon or health care provider in connection with an investigation of a complaint, if such records are related to the complaint . . . ." General Statutes § 52-146o (b) (3).

Our Supreme Court's decision in *Edelstein* v. *Dept. of Public Health & Addiction Services*, supra, 240 Conn. 658, informs our analysis of the issues raised on appeal.[7] In *Edelstein*, the Department of Public Health and Addiction Services received a complaint from a health insurer regarding a physician who allegedly had submitted several false claims for reimbursement to the health insurer and wrongfully caused the insurer to reimburse the physician for services that the insurance policy did not cover. Id., 660. The department began an investigation into the physician's billing practices and, in connection with that investigation, issued a subpoena duces tecum for patient medical records. Id. The physician filed an application to quash the department's subpoena on the ground that the records were privileged under § 52-146o. Id., 661. The trial court ultimately denied the application to quash on the ground that the records were not privileged under that section. Id. Our Supreme Court agreed with the physician that § 52-146o covered the patient records, but affirmed the trial court's denial of the application to quash. It reasoned that "the exception contained in § 52-146o (b) (3) applies to the medical records sought in the present case and requires that the [physician] disclose these records to the department." Id., 670.

As in *Edelstein*, the plaintiff in the present case has proven that the subpoenaed records fell within the exception of § 52-146o (b) (3).[8] The facts of this case establish a clear connection between the complaint under investigation and the subpoenaed records. The subpoena was written on department letterhead, specifically, that of the practitioner licensing and investigations section of the healthcare quality and safety branch of the department. The subpoena stated that it was being issued pursuant to § 19a-14 (a) (10), a statute that explicitly gives the department the authority to issue subpoenas in connection with investigations. See footnote 3 of this opinion. Boulware testified that the defendant was under investigation for fraudulent billing practices, an investigation prompted by a referral from the Office of the Attorney General of a complaint by

Verisk, and that the department subpoenaed only the defendant's patient records that related to that investigation. At the hearing, the trial court offered the defendant's counsel an opportunity to challenge this evidence through cross-examination of Boulware, and the defendant declined to do so. Accordingly, from the evidence presented, we are not persuaded by the defendant's claim that the plaintiff "failed completely to enunciate any relationship" between the subpoenaed records and the complaint. On the basis of this evidence, we conclude that the plaintiff satisfied the requirements of § 52-146o (b) (3).[9]

The judgment is affirmed.

[1] The Commissioner of Public Health acts on behalf of the Department of Public Health, and references in this opinion to the department include the commissioner.

[2] The defendant also claims that "the trial court ignored the statutory language, legislative history, and controlling precedent that require the [the plaintiff] to establish that records it is seeking pursuant to . . . General Statutes § 52-146o (b) are reasonably related to a complaint under investigation." We have reviewed this claim and conclude that both issues, as presented by the defendant, conflate into a single issue relevant to this appeal: whether there was a sufficient factual showing that the records sought were related to a complaint under investigation, as required by the statute.

[3] General Statutes § 19a-14 (a) provides in relevant part: "The department shall . . . (10) Conduct any necessary review, inspection or investigation regarding qualifications of applicants for licenses or certificates, possible violations of statutes or regulations, and disciplinary matters. In connection with any investigation, the Commissioner of Public Health or the commissioner's authorized agent may administer oaths, issue subpoenas, compel testimony and order the production of books, records and documents. . . ."

[4] General Statutes § 19a-14 (a) (10) provides in relevant part: "If any person refuses to appear, to testify or to produce any book, record or document when so ordered, a judge of the Superior Court may make such order as may be appropriate to aid in the enforcement of this section . . . ."

[5] General Statutes § 52-146o (a) provides in relevant part: "Except as provided . . . in any civil action or any proceeding preliminary thereto or in any probate, legislative or administrative proceeding, a physician or surgeon, licensed pursuant to section 20-9, or other licensed health care provider, shall not disclose (1) any communication made to him or her by, or any information obtained by him or her from, a patient or the conservator or guardian of a patient with respect to any actual or supposed physical or mental disease or disorder, or (2) any information obtained by personal examination of a patient, unless the patient or that patient's authorized representative explicitly consents to such disclosure."

[6] General Statutes § 52-146o (b) provides in relevant part: "Consent of the patient or the patient's authorized representative shall not be required for the disclosure of such communication or information . . . (3) to the Commissioner of Public Health for records of a patient of a physician, surgeon or health care provider in connection with an investigation of a complaint, if such records are related to the complaint . . . ."

[7] The defendant also relies on *Lieb* v. *Dept. of Health Services*, 14 Conn. App. 552, 553, 542 A.2d 741 (1988), a case decided eight years *prior* to the enactment of § 52-146o (b) (3), that addressed the issue of whether the department's statutory subpoena power overrides the statutory psychiatrist-patient privilege found in General Statutes § 52-146e (a). The defendant's reliance on this case is misplaced.

[8] The defendant argues that "the trial court did not find that the records sought by [the department] in this case are reasonably related to a complaint as required by . . . § 52-146o (b) (3)." We disagree. Although the court did not employ the exception's precise phrase, "related to the complaint," it concluded that "[t]he evidence submitted by the department supports the request for the records which are the subject of the subpoena." Implicit in that ruling is a finding that the plaintiff had satisfied the requirements of § 52-146o (b) (3). See *Rene Dry Wall Co., Inc.* v. *Strawberry Hill Associates*, 182 Conn. 568, 575, 438 A.2d 774 (1980) ("[a]lthough there was no explicit finding that the defendant's expenditures were reasonable [as required by

the statute at issue], such a conclusion is implicit in the trier's findings, and is supported by testimony"); *Computer Reporting Service, LLC* v. *Lovejoy & Associates, LLC*, 167 Conn. App. 36, 45–46, 145 A.3d 266 (2016) (concluding that finding of mutual assent was implicit within court's express finding that contract existed).

[9] The defendant argues that *Edelstein* requires that the plaintiff "make a showing [of] the nature of [his] investigation," which includes an articulation of the specific allegations against the defendant that are being investigated. We disagree. *Edelstein* did not enunciate such a specificity requirement. Our Supreme Court concluded, in relevant part, that § 52-146o (b) (3) "must be accepted as a declaration of the legislature's original intent that the department may obtain access to medical records containing otherwise privileged communications when such access is sought in connection with the investigation of a complaint against a physician, and when the records are related to that complaint." *Edelstein* v. *Dept. of Public Health & Addiction Services*, supra, 240 Conn. 670. Although the court did note that the records must be related to the complaint under investigation, it did not go as far as to require the specificity suggested by the defendant.

———————————————